IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS HARRIS, | ) |
| | ) Civil Action No. 07 - 216 |
| Plaintiff, | ) |
| | ) Judge Joy Flowers Conti |
| v. | ) Magistrate Judge Lisa Pupo |
| | ) Lenihan |
| OFFICER MICHAEL REDDY, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER SEAN RATTIGAN, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER ROBERT PIRES, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER JOHN SEZENSKY, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER BURFORD, Pittsburgh | ) |
| Police Department and | ) |
| PITTSBURGH POLICE DEPARTMENT, | ) |
| Zone 5 | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is recommended that the Defendants' Motion to Dismiss (doc. no. 8) be denied.

II. **REPORT**

Plaintiff, Carlos Harris, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against five Pittsburgh City Police Officers alleging claims of excessive force in violation of the Fourth Amendment of the United States Constitution and various state law claims of assault and battery . For the reasons that follow, Defendants' Motion to Dismiss the Plaintiff's Complaint should be denied.

A. Standard of Review – Motion to Dismiss

As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v.Twombly</u>, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). In addition, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." <u>Higgins v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002) (quoting <u>Holley v. Dep't of Veteran Affairs</u>, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting <u>Higgins</u>, 293 F.3d at 688 ).

### B. <u>Plaintiff's Allegations</u>

Plaintiff's claim concerns an event that allegedly occurred on April 15, 2006 (doc. no. 3). At that time, Plaintiff was driving his truck to Hart Court. While exiting his vehicle,

2

Defendant Reddy walked up to Plaintiff in plain clothes calling him "Robert," which is not Plaintiff's name. Plaintiff continued into Mohler Court at which time Reddy walked up to him and hit him in the forehead with his gun. As Plaintiff backed up, Defendant Rattigan shot Plaintiff with a Tazer gun and Defendant Reddy hit Plaintiff again with his gun, this time in the right eye. Plaintiff fell to the ground and Defendant Pikes started jumping on Plaintiff's chest, Defendant Sezensky pulled Plaintiff's legs apart while Defendant Burford kicked Plaintiff repeatedly in the groin. While still on the ground, Defendant Reddy started shocking Plaintiff with the tazer gun and kicking him in the face and nose as the other Defendants began punching and kicking him.

### C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against the Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). The Defendants are considered state actors for purposes of imposing liability under 42 U.S.C. § 1983. Thus, the Plaintiff may maintain his action if he can show a violation of his constitutional rights.

Here, Plaintiff seeks recovery under 42 U.S.C. § 1983 based on the Defendants' alleged actions in assaulting him and beating him. It is clear that the Plaintiff may seek recovery against the Defendants under section 1983 for their alleged excessive use of force. *See, e.g.*, Graham v. Connor, 490 U.S. 386, 395 (1989) (claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its "reasonableness" standard); Bell v. Wolfish, 441 U.S. 520, 535-539 (1979) (the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment); Whitley v. Albers, 475 U.S. 312, 318-19 (1986) (the Cruel and Unusual Punishments Clause of the Eighth Amendment protects inmates against the application of excessive force by correctional officers).

Defendants assert that the Plaintiff's claims are barred under the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). The following discussion reveals that the Defendants' cursory assertion that Heck bars the Plaintiff's excessive force claim is not sufficient to demonstrate that they are entitled to dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6).[1]

In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was

---

1. This Court is extremely disturbed by Defendants' failure to cite controlling precedent from the Court of Appeals for the Third Circuit. Failure to do so in the future will result in Rule 11 sanctions as it is a waste of this Court's valuable resources to spend time on such meritless motions.

pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody.

The Supreme Court noted that disposition of Heck's claim required inquiry into the proper relationship between the Civil Rights Act and the federal habeas corpus statute (28 U.S.C. § 2254), both of which provide a federal forum for prisoners to raise claims of constitutional violations. In analyzing the propriety of instituting a civil damages claim based on an improper conviction, the Court reiterated the firmly entrenched rule that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. *Id*. at 481 (citation omitted). The Court further noted that the habeas statute, unlike the Civil Rights Act, requires a petitioner to "exhaust" his federal claims by presenting them to the appropriate state courts prior to seeking federal relief. After reviewing its origin and history, the court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of an outstanding criminal judgment through the pursuit of money damages. In so concluding, the court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted).[2]

Defendants assert that the Plaintiff's excessive force claim is barred under Heck, discussed above. Defendants are wrong both in the facts and the law. Heck only applies when a judgment in Plaintiff's favor necessarily would imply the invalidity of Plaintiff's conviction. Here, Defendants assert that Plaintiff has been charged with Resisting Arrest, Fleeing and Eluding, and Possession but has not been tried on any of these charges to date. Thus, Heck cannot apply under the facts as stated by Defendants.

---

2. The holding in Heck is equally applicable to Bivens actions. *See* Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997); Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996); Rashid v. Monteverde & Hemphill, 1997 WL 360922 (E.D. Pa., Jun 24, 1997), *aff'd*, 149 F.3d 1165 (Table) (3d Cir. 1998).

More importantly, however, the United States Court of Appeals specifically rejected a claim identical to Plaintiff's in Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997). In Nelson, the defendant police officer Jashurek attempted to arrest Nelson for parole violations. Nelson resisted arrest and a struggle arose, which resulted in Nelson being charged with resisting arrest under Pennsylvania law in violation of 18 Pa. Cons. Stat. § 5104, which provides that a person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest [he] creates a substantial risk of bodily injury to the public servant . . . or employs means justifying or requiring substantial force to overcome the resistance." The trial court charged the jury that "if Nelson's actions "did not justify substantial force by [Jashurek], you must find Mr. Nelson not guilty." Nelson, 109 F.23 at 145. Nelson was convicted of the resisting arrest charge and then filed a section 1983 claim against Jashurek for excessive force.

The United States Court of Appeals for the Third Circuit determined that, because the jury found Nelson guilty, it must have concluded that Jashurek was justified in using "substantial force." *Id*. Notwithstanding, the circuit court concluded that Heck did not bar Nelson's 1983 action for excessive force because the fact that Jashurek was justified in using "substantial" force to arrest Nelson did not mean that he was justified in using an "excessive" amount of force and thus, did not mean that his actions in effectuating the arrest necessarily were "objectively reasonable,"

7

the standard applied for excessive force claims under the Fourth Amendment. *Id*. at 146. "In short, there undoubtedly could be 'substantial force' which is objectively reasonable and 'substantial force' which is excessive and unreasonable." *Id*. Accordingly, the court concluded that a finding that Jashurek used excessive force would not necessarily imply the invalidity of the plaintiff's conviction. *Id*.

Defendants did not even cite to this case in their Motion and did not even file a brief in support of their motion. Jashurek, which is directly on point with Plaintiff's claims, instructs that Plaintiff's claims are not barred under Heck, even if Plaintiff is convicted of those charges. Consequently, Defendants' Motion should be denied.

### III.    **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 8) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:    November 23, 2007         Lisa Pupo Lenihan

United States Magistrate Judge

cc:     The Honorable Joy Flowers Conti
        United States District Judge

        Carlos Harris, EW5113
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370