IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS HARRIS, | ) |
| | ) Civil Action No. 07 - 216 |
| Plaintiff, | ) |
| | ) Judge Joy Flowers Conti |
| v. | ) Magistrate Judge Lisa Pupo |
| | ) Lenihan |
| OFFICER MICHAEL REDDY, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER SEAN RATTIGAN, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER ROBERT PIRES, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER JOHN SEZENSKY, | ) |
| Pittsburgh Police Department; | ) |
| OFFICER BURFORD, Pittsburgh | ) |
| Police Department and | ) |
| PITTSBURGH POLICE DEPARTMENT, | ) |
| Zone 5 | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 31) be denied.

II.  **REPORT**

Plaintiff, Carlos Harris, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against five Pittsburgh City Police Officers alleging claims of excessive force in violation of the Fourth Amendment of the United States Constitution and various state law claims of assault and battery .

For the reasons that follow, Defendants' Motion for Summary Judgment should be denied.

## A. Summary Judgment Standard

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Finally, while any evidence used to support a motion for summary judgment must be

2

admissible, it is not necessary for it to be in admissible form. *See* Fed. R. Civ. Proc. 56 (e); <u>Celotex Corp.</u>, 477 U.S. at 324; <u>J.F. Feeser, Inc., v. Serv-A-Portion, Inc.</u>, 909 F.2d 1524, 1542 (3d Cir. 1990).

B. <u>Plaintiff's Allegations</u>

Plaintiff's claim concerns an event that allegedly occurred on April 15, 2006 (doc. no. 3). At that time, Plaintiff was driving his truck to Hart Court. While exiting his vehicle, Defendant Reddy walked up to Plaintiff in plain clothes calling him "Robert," which is not Plaintiff's name. Plaintiff continued into Mohler Court at which time Reddy walked up to him and hit him in the forehead with his gun. As Plaintiff backed up, Defendant Rattigan shot Plaintiff with a Tazer gun and Defendant Reddy hit Plaintiff again with his gun, this time in the right eye. Plaintiff fell to the ground and Defendant Pikes started jumping on Plaintiff's chest, Defendant Sezensky pulled Plaintiff's legs apart while Defendant Burford kicked Plaintiff repeatedly in the groin. While still on the ground, Defendant Reddy started shocking Plaintiff with the tazer gun and kicking him in the face and nose as the other Defendants began punching and kicking him.

C. <u>Liability under 42 U.S.C. § 1983</u>

Plaintiff seeks to assert liability against the Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.

He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). The Defendants are considered state actors for purposes of imposing liability under 42 U.S.C. § 1983. Thus, the Plaintiff may maintain his action if he can show a violation of his constitutional rights.

Here, Plaintiff seeks recovery under 42 U.S.C. § 1983 based on the Defendants' alleged actions in assaulting him and beating him. It is clear that the Plaintiff may seek recovery against the Defendants under section 1983 for their alleged excessive use of force. *See, e.g.*, Graham v. Connor, 490 U.S. 386, 395 (1989) (claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its "reasonableness" standard); Bell v. Wolfish, 441 U.S. 520, 535-539 (1979) (the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment); Whitley v. Albers, 475 U.S. 312, 318-19 (1986) (the Cruel and Unusual Punishments Clause of the

Eighth Amendment protects inmates against the application of excessive force by correctional officers).

In their motion, Defendants merely assert that Defendants' use of the tazer gun was objectively reasonable under the circumstances. They completely fail to discuss Plaintiff's remaining allegations that the officers never ordered him to stop, that they repeatedly used the tazer gun after he was subdued, and that they repeatedly punched Plaintiff and kicked him in the groin. Plaintiff avers he suffered a fractured eye bone, facial nerve damage, a severely injured nose, a split forehead, fractured back and wounds to his face requiring one hundred stitches (doc. No. 38-2, p.5). Obviously, there are questions of material fact regarding the events that occurred and the force that was used on the date in question. Consequently, Defendants' Motion should be denied.

III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 31) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to

respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: June 29, 2009

Lisa Pupo Lenihan
United States Magistrate Judge

cc: The Honorable Joy Flowers Conti
United States District Judge

Carlos Harris, EW5113
SCI Greene
175 Progress Drive
Waynesburg, PA 15370